UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| KRISTA M. SMITH<br>　　Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CASE NO. 5: 21-cv-1147 |
| FLOYD BERRY; THE BEXAR<br>COUNTY SHERIFF'S OFFICE,<br>SHERIFF JAVIER SALAZAR, AND<br>BEXAR COUNTY, TEXAS<br>　　Defendants. | §<br>§<br>§<br>§<br>§ | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff, Krista Smith, who files this Original Complaint complaining of Defendant, Deputy Floyd Berry, who may also be known as Floyd Berry, Jr., individually and officially, Javier Salazar acting Sheriff of Bexar County, Texas, individually and officially, the Bexar County Sheriff's Office, and Bexar County, Texas, and would respectfully show as follows:

1.　　Plaintiff, Krista M. Smith, is an individual residing in Bexar County, Texas and is a resident of Bexar County, Texas and she is citizen of the United States of America.

2.　　Defendant, Deputy Floyd Berry, who may also be known as Floyd Berry, Jr., individually and officially, as individual residing in Bexar County, Texas and was a former Deputy Sheriff for Bexar County, Texas. Defendant, Deputy Floyd Berry, can be served with process at 8430 Brazos Point, San Antonio, Bexar County, Texas 78252 or wherever he may be found.

3.　　Defendant, Sheriff Javier Salazar, individually and officially, is the current Sheriff of Bexar County, Texas and can be served at the Bexar County Adult Detention Center, 200 N. Comal, San Antonio, Bexar County, Texas 78207 or wherever he may be found. Defendant,

Sheriff Javier Salazar, individually and officially, was the acting Bexar County Sheriff at time and date of the offenses committed against the Plaintiff complained of herein.

4. Defendant, the Bexar County Sheriff's Office is a law enforcement agency for Bexar County, Texas and can be served with process by and through its authorized agent, Sheriff Javier Salazar and/or County Judge Nelson Wolff, at Bexar County Commissioner's Court, 101 W. Nueva, 10th Floor, San Antonio, Bexar County, Texas 78205 or where they may be found in Bexar County, Texas.

5. Defendant, Bexar County, Texas is political subdivision of the State of Texas which can served with process by and through its County Judge, Nelson Wolf at Bexar County Commissioner's Court, 101 W. Nueva, 10th Floor, San Antonio, Bexar County, Texas 78205 or where he may be found in Bexar County, Texas.

6. This court has jurisdiction under 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1343.

7. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 20 U.S.C. 1367 to adjudicate pendent claims arising under the laws of the State of Texas.

8. Venue of this case is proper in the United States Court, Western District of Texas, San Antonio Division because the acts complained of occurred in Bexar County, Texas.

9. When it is stated that the Defendant(s) engaged in any act of omission complained of herein, it is meant that the Defendant(s) the Defendant(s) agents, servants, employees, and/or representatives engaged in an act or omission complained of.

10. All condition precedents have been performed or have occurred.

11. On the night of November 24, 2019, in Bexar County, Texas, the Plaintiff suffered injury, confinement, and unlawful arrest and seizure in violation of her 4th and 14th Amendments of U.S. Constitution. The Plaintiff was also victimized by criminal actions and/or

omissions of official oppression committed by the Defendant, Deputy Floyd Berry, who was then working and acting, under color of law, while on active duty with Bexar County Sheriff's Office as a Bexar County Sheriff's deputy. Defendant, Deputy Floyd Berry, was a public servant who coerced and/or caused the Plaintiff to submit and participate in unlawful strip search and physical indecent exposure to Defendant, Deputy Floyd Berry, and probably others, under the pretext of a legitimate search and seizure which it was not reasonable a legitimate search and seizure of the Plaintiff on the occasion in question

12. On the night of November 24, 2019, the Plaintiff was passenger in an automobile which was parked at a public parking lot convenience store at the corner Hwy. 281 and Loop 1604 in Bexar County, Texas; 20115 U.S. 281, San Antonio, Bexar County, Texas 78221. This location was a location where the Defendant, Deputy Floyd Berry, preyed on the Plaintiff and other females in order to effectuate the pretextual unlawful use of his law enforcement authority to isolate females in order to victimize them sexually and/or officially for his own personal gratification and arousal.

13. On the occasion in question, the Defendant, Deputy Floyd Berry, approached the Plaintiff and inquired about ownership of the motor vehicle in which she was a passenger. Meanwhile the driver of the said motor vehicle was in the convenience store. The Plaintiff was then asked to produce identification which she did not have, but provided Defendant her correct name, address and date of birth. The Defendant, Deputy Floyd Berry, asked the Plaintiff if she had any warrants, to which she replied no. The Defendant, Deputy Floyd Berry, then went to his squad car, presumably to check the Plaintiff's personal information or check automobile information in which she was passenger.

14. The Defendant, Deputy Floyd Berry, told the Plaintiff that the reason for his inquiry was because the motor vehicle had paper license plates. The Defendant, Deputy Floyd Berry, then stated to the Plaintiff that the motor vehicle was reported stolen. Since the driver of the motor vehicle had not exited the convenience store, the Defendant, Deputy Floyd Berry, asked the Plaintiff to get out of the motor vehicle and sit in the back seat of his police vehicle which might prompt the driver of the motor vehicle to exit out of the convenience store.

15. Another deputy arrived, and the Defendant, Deputy Floyd Berry, and the other Sheriff Deputy, went into the convenience store to call out the driver of the motor vehicle to exit the convenience store. The deputies searched the motor vehicle and allegedly found illegal drugs in the motor vehicle. The Plaintiff was denied any knowledge about the drugs allegedly found and knew nothing about the motor vehicle allegedly being stolen. She explained that driver of motor vehicle gave her a ride to the convenience store.

16. Defendant, Deputy Floyd Berry, put on a bullet proof vest and started his squad motor vehicle and left the public premises with the Plaintiff. The Defendant, Deputy Floyd Berry, told the Plaintiff that he was just moving his vehicle but then he proceeded to leave the convenience store premises, got on an access road and drove the motor vehicle to a dark secluded location off the access road which was under construction. The Defendant, Deputy Floyd Berry, stopped, got out of the squad motor vehicle and opened the Plaintiff's back seat passenger door. The Defendant, Deputy Floyd Berry, fully uniformed but with a vest to cover his body cam, and armed, ordered the Plaintiff out of the squad motor vehicle and told her that he needed to personally search the Plaintiff for drugs.

17. The Defendant, Deputy Floyd Berry, with a flashlight ordered the Plaintiff to lift her skirt, after which he inspected underneath her skirt, then ordered the Plaintiff to pull down

4

her panty hose, unsnap her body suit and lift it up all of which exposed her breast and private area below the waist. The Defendant, Deputy Floyd Berry, strip searched the Plaintiff so as for her to reveal to herself, bare and nude to the Defendant, Deputy Floyd Berry.

18. The Defendant, Deputy Floyd Berry, returned with the un-handcuffed Plaintiff to the convenience store where two other deputies were present, including a female Sheriff Deputy. The Defendant, Deputy Floyd Berry, told the Plaintiff she would be arrested for drugs and taken downtown which, in essence, precluded the Plaintiff from speaking and reporting the matter to the female officer which is what the Plaintiff asked to do at the time but the Defendant, Deputy Floyd Berry, declined this request. The Plaintiff was booked on a felony criminal drug charge and made bond. The drug case was dismissed for insufficient evidence.

19. The Complaint would further show that Defendant, Deputy Floyd Berry had engaged in the same or similar type of illegal conduct with other female citizens of which the remaining Defendants knew or were aware of or should have been aware of. The Plaintiff would further show that Defendant, Deputy Floyd Berry, had a history and profile of being a bad cop and that the remaining Defendants knew or were aware of this and that he should not have been hired, retained as a deputy, and/or he and others were not properly trained in the area of victimizing women in the community, training others to have reported and turned in Defendant, Deputy Floyd Berry to the internal affairs which have resulted in his termination or taken him off the street so as to avoid the victimization of the Plaintiff and other women in the community.

20. The Plaintiff would further show the Defendants, Bexar County Sheriff's Office, Javier Salazar, Bexar County, Texas had knowledge, ratified, or had a custom or policy based upon failure to enact, enable or enforce conduct of criminal official oppression and/or

condoning, failure to train and failure to discipline its officers, including the Defendant, Deputy Floyd Berry.

21. On the occasion in question the Defendant, Deputy Floyd Berry and the remaining Defendants were acting under color of law for the State of Texas, County of Bexar and the Bexar County Sheriff's Office.

22. On the occasion in question, the Defendant, Deputy Floyd Berry conducted an unlawful and unreasonable, arrest, search, and excessive use of force against the Plaintiff in that the actions and conduct is not what a reasonable officer would do under the circumstances.

23. The Defendant, Deputy Floyd Berry used unreasonable, unnecessary, and excessive force during the stop, investigation and seizure and warrantless arrest of the Plaintiff. The Defendant, Deputy Floyd Berry violated the Plaintiff's constitutional rights to be protected from unreasonable seizure, warrantless arrest and use of unreasonable, unnecessary and excessive force. There was lack of probable cause that any crime had been committed by the Plaintiff and unreasonableness in the warrantless arrest of the Plaintiff and not what a reasonable officer would do under the circumstances

24. The illegal arrest, seizure, and unreasonable, unnecessary, and excessive force used by Defendant, Deputy Floyd Berry, caused the Plaintiff's injuries and constitutional rights as complained of herein.

25. Sheriff Javier Salazar, individually and officially, the Bexar County Sheriff's Office, and Bexar County, Texas had a policy or custom in place, or failed to have a policy in place or an equivalent policy of omission, that enabled its agents, and employees to act with deliberate indifference to the constitutional rights of individuals and the Plaintiff.

26. Prior to act and omissions which give rise to the Plaintiff's suit herein, Plaintiff would show that Defendants, Sheriff Javier Salazar, the Bexar County Sheriff's Office, and Bexar County, Texas knew: That Defendant, Deputy Floyd Berry was involved in a number of serious misconduct instances; had previous disciplinary suspensions; was previously terminated but gained reinstatement; and had committed official oppression acts.

27. The Bexar County Sheriff's Department, County of Bexar, Texas had policy or custom of tolerating, condoning, or ratifying misconduct by its Deputies encouraging misconduct which would with certain result in misconduct such as the kind involved in this case in which the constitutional rights of citizens and the Plaintiff would be violated by failing to adequately supervise, hire, discipline or train its officers, including the Defendant, Deputy Floyd Berry. Said failure by Sheriff, Javier Salazar, Bexar County Sheriff's Department, and County of Bexar, Texas was the moving force of and affirmatively links that failure to the deprivation of the Plaintiff and other citizens federally protected constitutional rights as complained of in this case.

28. The Bexar County Sheriff's Department, County of Bexar, Texas and Sheriff, Javier Salazar failed to report, investigate, train, adequately hire and retain officers, and/or discipline obvious constitutional rights violations in matters of unlawful arrest, unlawful seizures, unlawful use of excessive force and criminal oppression of its Deputies, including the Defendant, Deputy Floyd Berry. The Bexar County Sheriff's Department, County of Bexar, Texas and Sheriff, Javier Salazar policy or custom of deliberate indifference is further evidenced where, as in this case, Defendant, Deputy Floyd Berry was wrongfully rehired and/or retained by the Bexar County Sheriff's Office, County of Bexar, Texas and/or failed to assign Defendant, Deputy Floyd Berry where he would not have interaction with public community, failed to

properly train or observe and/or supervise Defendant, Deputy Floyd Berry in a manner which would avoid or prevent the continuous constitutional violations complained of.

29. The Bexar County Sheriff's Department, County of Bexar, Texas and Sheriff Javier Salazar simply acquiesced in a pattern of constitutional violations and which has resulted in recurrent situations and misconduct by its Deputies which created an extremely high risk that a constitutional violation complained of would occur against citizens, including the Plaintiff.

30. The Defendants acted willfully, deliberately, maliciously or with reckless disregard for the Plaintiff's established constitutional rights under the 4th and 14th Amendment of the U.S. Constitution in violation of 42 U.S.C. 1983. The Plaintiff further request a declaratory judgment of the Defendants violations of her civil rights as complained of herein.

31. The above fact and circumstances also support the Plaintiff's state law claims against the Defendants, for assault, battery, false imprisonment and intentional infliction of emotional distress.

32. As a direct and proximate result of the Defendants actions, the Plaintiff suffered the following injuries and damages:

1. Emotional distress in the past and future.
2. Economic damages
3. Nominal Damages

33. The Plaintiff is entitled to an award for attorney's fees and cost. Plaintiff also request punitive damages.

34. For these reasons the Plaintiff ask for judgment against the Defendants for the following:

Actual damages

Nominal damages

Punitive damages

Reasonable Attorney's Fees

Prejudgment and post judgment interest

Cost of suit

All other relief the court deems appropriate.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff have and recover judgment from Defendants; actual damages, nominal damages, exemplary damages, pre-judgment and post-judgment interest at the legal rate, costs of court, attorney's fees; and such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

/s/ *Edward P. Cano*
Edward P. Cano
State Bar Number: 03756700
201 W. Poplar St.
San Antonio, Texas 78212
Tel.: (210) 223-1099
Fax: (210) 212-5653
edcanoattorney@gmail.com
Attorney for the Plaintiff,
Krista M. Smith